# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GILBERT P. HYATT,

    Plaintiff,

v.

UNITED STATES PATENT AND TRADEMARK OFFICE, *et al*.,

    Defendants.

Case No. 2:14-cv-00311-LDG (GWF)

**ORDER**

    Plaintiff Gilbert Hyatt, has filed this suit under 5 U.S.C. §706(1) of the Administrative Procedure Act (APA) seeking a declaration that Defendants United States Patent and Trademark Office and its Deputy Director Michelle Lee (collectively, USPTO), have unreasonably delayed reaching a final resolution on 80 patent applications that he has filed.  He also requests an injunction compelling a final decision on the applications.  The USPTO moves to dismiss the entire complaint for lack of subject matter jurisdiction (including an argument that the Federal Circuit or the Eastern District of Virginia share exclusive jurisdiction), and for failure to state a claim.  The USPTO alternatively moves to strike Hyatt's request for declaratory relief.  Hyatt opposes the motions (#24), but argues that if this Court determines that exclusive jurisdiction lies in the Federal Circuit or the

Eastern District of Virginia, that the Court transfer rather than dismiss the matter. Having considered the arguments of the parties, the Court finds that this matter must be transferred, as jurisdiction to hear the suit is exclusive to either the Federal Circuit or the Eastern District of Virginia. Accordingly, the Court will transfer the action to the Eastern District of Virginia.

Under *Telecommunications Research and Action Center v. FCC*, 750 F.2d 70 (D.C. Cir. 1984) ("*TRAC*") and its progeny, "where a statute commits review of final agency action to [a particular] court of appeals, the appellate court has exclusive jurisdiction to hear lawsuits alleging agency inaction where the relief sought might affect the court's future statutory power of review." *American Farm Bureau v. EPA*, 121 F. Supp. 2d 84, 91 (D.D.C. 2000); *see also Envtl. Def. Fund v. U.S. Nuclear Regulatory Comm'n*, 902 F.2d 785 (10th Cir. 1990) (showing that *TRAC* confers exclusive jurisdiction over APA section 706(1) claims in the court of appeals); *In re Bluewater Network*, 234 F.3d 1305 (D.C. Cir. 2000) (same); *Sierra Club v. Thomas*, 828 F.2d 783 (D.C. Cir. 1987) (same); *American Bird Conservancy v. FCC*, 408 F. Supp. 2d 987, 997-98 (D. Hawaii 2006) (because of exclusive avenue of review in Ninth Circuit, to seek accelerated disposition, "Plaintiffs may seek a writ of mandamus in the [Ninth Circuit] court of appeals"); *City of Yakima v. Surface Transp. Bd.*, 46 F. Supp. 2d 1092, 1096 (E.D. Wash. 1999).

As alleged by Hyatt, he brought this suit under the APA to compel the USPTO to decide 80 patent applications that, he alleges, have been pending before the USPTO for over 18 years. He alleges that, "[t]o ensure "effective relief," this Court should place a strict deadline on the [USPTO] for decisions in each of these 80 appealed cases. The Court should require the Appeal Board to decide each of these appeals on a schedule of at least one-per-month beginning within three months from the date of this Court's judgment."

In opposing the USPTO's argument that the Federal Circuit and the Eastern District of Virginia share exclusive jurisdiction–and thus that this Court lacks jurisdiction–to hear

this lawsuit, Hyatt does not dispute that both the Federal Circuit and the Ninth Circuit have endorsed the *TRAC* doctrine.  *See, e.g., In re Paralyzed Veterans of Am.*, 392 F. App'x 858, 859-60 (Fed. Cir. 2010); *Public Util. Comm'r of Oregon v. Bonneville Power Admin.*, 767 F.2d 622, 626 (9th Cir. 1985).  He also does not dispute that he has brought a lawsuit alleging inaction by the USPTO, and that he seeks an accelerated disposition of his patent applications.  He also does not dispute that, by statute, the Federal Circuit and the Eastern District of Virginia have exclusive jurisdiction to review the final decisions of the USPTO Appeal Board.  35 U.S.C. §§ 144, 145.  Rather, quoting *Moms Against Mercury v. FDA*, 483 Fe3d 824, 827 (D.C. Cir. 2007), he argues that the *TRAC* doctrine does not apply because the "prospective jurisdiction is a speculative chain of events."  The D.C. Circuit determined that the *TRAC* doctrine did not apply when the D.C. Circuit would have exclusive review of one possible final action, but that exclusive review over alternative, final actions was with a district court.  Hyatt concedes that, if the USPTO denies him a patent application, he must appeal that decision to either the Federal Circuit or the Eastern District of Virginia.  He argues, however, that if the USPTO grants his application, he "would be able to enforce his patent (if necessary) in any appropriate federal district court . . . and the court would have jurisdiction to adjudicate the validity of the issued patent."  The argument is without merit as irrelevant.  This court's original jurisdiction over civil actions relating to patents does not grant this court jurisdiction to review the decisions of the USPTO.  *Pregis Corp. v. Kappos*, 700 F.3d 1348, 1357-59 (Fed. Cir. 2012) ("Allowing competitors to collaterally attack issued patents through suits under the APA would destroy the Patent Act's careful framework for judicial review at the behest of particular persons through particular procedures.").  Indeed, the Federal Circuit expressly recognized that attacking the validity of issued claims through the litigation defenses enumerated under 35 U.S.C. § 282 was not a mechanism "to obtain review of the reasons for allowance of claims." 700 F.3d at 1358. While this Court has jurisdiction to determine the validity of a patent, it lacks

3

jurisdiction to review the decision of the USPTO.  It may be, as Hyatt implicitly argues, that a final decision of the USPTO will not be directly appealed if the patent is granted. However, if the final decision of the USPTO is appealed, that appeal must be taken to either the Federal Circuit or the Eastern District of Virginia.  The prospective jurisdiction of those courts over any appeal of the USPTO's final decision is not speculative.  As Hyatt alleges delayed action by the USPTO and seeks an injunction compelling the USPTO to issue a final decision on his patent applications, this Court lacks jurisdiction over this lawsuit.

      Hyatt argues that the appropriate action upon a determination that exclusive jurisdiction lies in either the Federal Circuit or the Eastern District of Virginia is to transfer this action, rather than dismiss the action.  He further requests transfer to the Eastern District of Virginia.  The USPTO agrees that a transfer would be appropriate, but suggests that the Federal Circuit would be a more appropriate venue.  The USPTO notes that, if this matter is transferred to the Eastern District of Virginia, the decision will ultimately be appealed to the Federal Circuit.  As Hyatt has brought this suit seeking to hasten the agency action, a transfer directly to the Federal Circuit presents the avenue of least delay. The Court finds the reasoning of the USPTO more persuasive.  However, the Court will grant Hyatt's request because, as plaintiff in this litigation, he could elect to file his suit in any appropriate forum, including the Eastern District of Virginia, even if that might result in greater delay in obtaining the relief Hyatt ostensibly seeks.

      Finally the Court notes that, in deciding to transfer this matter to the Eastern District of Virginia, it has not decided any of the remaining arguments raised by the USPTO.  This Court has decided only that this Court lacks jurisdiction over Hyatt's claims.

      Accordingly, for good cause shown,

1  THE COURT **ORDERS** that the Clerk of the Court shall promptly transfer this action
2  to the Eastern District of Virginia.

4  DATED this ___30___ day of September, 2014.

_____
Lloyd D. George
United States District Judge